119 N.J. Super. 403 (1972)
291 A.2d 854
JAMES K. GUACLIDES AND SOPHIE GUACLIDES, HIS WIFE, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF ENGLEWOOD CLIFFS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 12, 1972.
*404 Messrs. Marotta and DeMiglio, attorneys for plaintiffs.
Mr. Melvin Gittleman, attorney for defendant.
BRESLIN, J.C.C. (temporarily assigned).
This is a prerogative writ action by the plaintiffs challenging the validity of Ordinance 7105 adopted by the Mayor and Council of the Borough of Englewood Cliffs on July 15, 1971 and an amendment thereto designated as Ordinance 7201, adopted on February 10, 1972 and readopted on March 23, 1972.
Ordinance 7105, which amended Ordinance 100R, the basic zoning ordinance of said municipality, provided that (1) any application for approval of a commercial site must be filed at least ten days prior to any meeting of the planning board, file a copy of the site plan with the borough clerk and notify all property owners within 200 feet of the proposed site and publish a notice of the hearing at least five days prior thereto; (2) the planning board, after a hearing of said application, shall submit a written report to the mayor and council with its recommendations; (3) the mayor *405 and council must act on said report within 45 days of the approval or it will be deemed approved as submitted; (4) regardless of the action of the planning board, the mayor and council may grant or deny the issuance of a building permit subject to the requirements of its building code and the planning and zoning ordinances; (5) the planning board may not take action unless a quorum of its members are present; and (6) in any application where the approval of the planning board or a zoning board of the municipality is required a requisite thereto shall be that no taxes or assessments for local improvements are due or delinquent on the property for which any application has been made. Ordinance 7201 merely amended section 3 of Ordinance 7105 by deleting section 3, subparagraph (a), and substituting a new subparagraph (a) to include a requirement that notice of a hearing be given to the applicant at least five days before the date of the hearing by certified mail.
The following exhibits were marked into evidence by consent of the parties: (1) original zoning ordinance; (2) Ordinance 7105; (3) Ordinance 7201 of amending Ordinance 7105; (4) transcript of hearing of mayor and council of July 15, 1971; (5) transcript of mayor and council of March 23, 1972.
The first of the two points raised by the plaintiffs is that there is no statutory authority for a planning board to hold a hearing with notice on a site plan approval, and for a mayor and council to approve or disapprove the recommendations made by a planning board on site plan approvals. They therefore contend that the action of the mayor and council in adopting the ordinance was arbitrary, unreasonable and capricious by casting an undue burden upon those whose applications for commercial site plan approval for proposed projects comply in all respects with the zoning ordinance. Plaintiffs' second point is that the ordinance in question is an unconstitutional delegation of legislative authority because it does not contain sufficient standards.
*406 Plaintiffs concede that N.J.S.A. 40:55-1.13 provides legislative authority for referral of site plan approval to the planning board:
The governing body may by odinance provide for the reference of any other matter or class of matters to the planning board before final action thereon by any municipal public body or municipal officer having final authority thereon * * *
In interpreting the above statute, the Supreme Court in Kozesnik v. Montgomery Tp., 24 N.J. 154, 186 (1957), held that the purpose of such a reference "is to insure that the details of the site plan for the authorized use will be such that the operation will not offend the public interest" by subjecting the plan to "the very expertise expected of a planning board," since "it would not be feasible to set forth in the ordinance a set of specific requirements upon which the building inspector could readily grant or refuse a permit." The court went on to state that under the pertinent statutes, the final authority to grant or refuse a building permit can rest either in a building inspector or in the municipal governing body.
The grant of authority in N.J.S.A. 40:55-1.13 does not require that site plan approvals be referred to a planning board. Furthermore, there is no statutory requirement that the authority of a municipal governing body to issue building permits be delegated to a building inspector. See N.J.S.A. 40:87-15. Therefore, a situation in which applications for building permits are passed on only by the mayor and council is consistent with the statute.
Pursuant to the foregoing analysis, the right of the mayor and council to reserve to itself the power to approve or disapprove site plan recommendations is unquestionable. The assertion by plaintiffs that the exercise of this right was a politically motivated attempt by the governing body to usurp the power of the planning Board does not invalidate the ordinance. Plaintiff has failed to show "fraud, personal interest, or corruption," LaRue v. East Brunswick, 68 N.J. *407 Super. 435, 445 (App. Div. 1961). As long as "there was legal power to adopt the ordinance, the motives of the members of the governing body are immaterial." Csaki v. Woodbridge Tp., 69 N.J. Super. 327, 333 (Law Div. 1961).
Plaintiff has directed the attention of the court to the recent decision in Arlington Ass'n v. Tp. Coun. Parsippany-Troy Hills, 118 N.J. Super. 418 (App. Div. 1972):
We find no statutory authority or other basis for the appeal to the governing body from an approval of a site plan by a planning board. The provisions of N.J.S.A. 40:55-1.19 relate to subdivisions * * * [at 420]
The ordinance in the matter at hand is not based upon the authority granted in N.J.S.A. 40:55-1.19, because it does not concern an appeal by an aggrieved party from a planning board approval. Rather, the ordinance requires approval of commercial site plans by the governing body after the planning board submits its recommendations in order for a building permit to issue.
In their objection to the ordinance provision for hearings before the planning board plaintiffs rely upon the reference to "the very expertise expected of a planning board" found in Kozesnik v. Montgomery Tp., supra, 24 N.J. at 186. Plaintiffs' position is that hearings subject the planning board, and developers, to the pressures of public relations, thereby interfering with the planning board's exercise of its own expertise.
The court in Newark, etc., Cream Co. v. Parsippany-Troy Hills Tp., 47 N.J. Super. 306, 332 (Law Div. 1957), did not find that the public hearings on site plan approvals and the exercise of expertise were mutually exclusive. The Law Division recognized that in Kozesnik, supra, the planning board is peculiarly the appropriate local body to determine such matters, and still declared that the planning board "must hold a hearing on notice and otherwise conform to accepted standards of due process in administrative proceeding."
*408 The purpose for planning board action on site plans, as explained in Kozesnik v. Montgomery Tp., supra, 24 N.J. at 186, is to uphold the public interest. Public hearings would enlighten the planning board with respect to the public interest. The court in Kozesnik, pointed to the inherent expertise of the planning board when discussing the necessity for someone "to be empowered to consider whether the details of a proposed site plan square with the legislated standards."
For the foregoing reasons, and in light of the legislative mandate that the Municipal Planning Act "shall be construed most favorably to municipalities, its intention being to give all municipalities the fullest and most complete powers possible concerning the subject matter hereof," N.J.S.A. 40:55-1.3, this court finds that the ordinance provision for public notice and hearings, and review by the municipal governing body are within the statutory framework even though they are not expressly required by the Municipal Planning Act. See Legion Manor v. Wayne Tp., 49 N.J. 420, 425, 426 (1967).
The argument presented by the plaintiffs in relation to the second issue they raised is based on the holding in Brundage v. Randolph Tp., 54 N.J. Super. 384 (App. Div. 1959):
But there must be found in the ordinance some set of standards or conditions which a site plan must satisfy before warranting the approval or disapproval of that body. [at 395]
The above matter held that an amendment that delegates site plan approval to a planning board, but fails to refer to the standard set forth in the original ordinance, is invalid for insufficient standards. The amendment in the instant case does refer to the standards in the original ordinance in two instances:
Section 11. * * * The Planning Board shall, within the scope of the aforementioned considerations, submit a written report to the Mayor and Council * * *.
*409 Section 111. * * * the Mayor and Council may within the scope of the aforementioned considerations approve or disapprove the recommendations of the Planning Board. * * *
Plaintiffs' next contention is that the standards in the original ordinance are improper because they pertain to private concerns instead of the public interest:
I feel a planning board may only consider those having a relation to the public interest, and not those which are merely matters of private concern in the use of property, having no connection with or effect upon adjoining property owners, adjoining areas outside the district or the community and public interest at large. [Newark, etc. Cream Co. v. Parsippany-Troy Hills Tp., 47 N.J. Super. 306, 333 (Law Div. 1957)]
Plaintiffs are particularly concerned that the ordinance permits the planning board to consider the location of all structures and landscaping. They cite Saddle River Country Day School v. Saddle River, 51 N.J. Super. 589, 601 (App. Div. 1958), aff'd 29 N.J. 468 (1959), which case this court finds inapplicable, because the word "location" in the ordinance before the Appellate Division referred to "whether a particular parcel can be used for school purposes at all, and not just to placement of school buildings and facilities on it."
It is the opinion of this court that the standards set forth in the original for "D" Neighborhood Business Zones do have a connection and effect on adjoining areas, and "are as specific as the circumstances reasonably require," Kozesnik, supra, 24 N.J. at 184. It should be noted that "D" zone borders immediately upon zone "B" residential areas. The interest of the mayor and council that there be a double check on structures in this area is understandable. There is no undue burden cast upon those seeking site plan approval for commercial structures in the "D" zone.
In addition to the standards in the ordinance, the amendment at issue limits the discretion of the mayor and council to order or deny the issuance of a building permit "to the requirements *410 of the Building Code as administered by the Building Inspector * * *." This is not a situation in which the right to a building permit is "subject to the discretionary powers of the local governing body as in the case of an application for a variance," Schack v. Trimble, 48 N.J. Super. 45, 51 (App. Div. 1957).
This court finds that the ordinance as amended contains sufficiently legal standards to guide both the planning board and mayor and council when passing upon site plan approvals. The action of the mayor and council in adopting Ordinance 7105 was not arbitrary, unreasonable, or capricious, and there was not an unconstitutional delegation of legislative authority. The plaintiffs have failed to overcome the presumption of the validity of the ordinances. Judgment for defendant.