E. J. FRANKEL, BENJAMIN FRANKEL, WILLIAM FRANKEL, LEONARD FRANKEL, MAURICE J. GUTRADT AND PAUL NALEN, CO-PARTNERS, t/a PLAZA APARTMENTS, PLAINTIFFS-APPELLANTS, v. CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION AND GEFTMAN ENTER-PRISES, INC., JOINTLY, SEVERALLY AND IN THE AL-TERNATIVE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 9, 1973—Decided May 23, 1973.

Before Judges Lora, Allcorn and Handler.

*Mr. Ronald Berman* argued the cause for the appellants (*Warren, Goldberg & Berman,* attorneys).

*Mr. Daniel J. Dowling* argued the cause for the respondent City of Atlantic City.

*Mr. Isaac C. Ginsburg* argued the cause for the respondent Geftman Enterprises, Inc. (*Feinberg & Ginsburg,* attorneys).

Per Curiam. By ordinance adopted in 1964, the City of Atlantic City created a new zone, designated as an E Residential zone. The district thus created was and is composed of a strip zone 16 blocks long, which borders the ocean and

beach on the east and Atlantic Avenue on the west, and is only one block (approximately 500 feet) in depth.

Among the uses permitted in the E zone were high-rise apartment dwellings, with various lot size, lot coverage, height and yard requirements and restrictions. In addition, the ordinance required a minimum of "215 sq. ft. of gross lot area" for each dwelling unit in a high-rise apartment. On October 7, 1971 the city adopted an ordinance amending its zoning ordinance to provide, in effect, that in calculating the gross lot area to determine the permissible number of dwelling units in high-rise apartments proposed to be erected in the E Residence zone, in the case of any lot which "fronts upon and is contiguous to" the beach, the "gross lot area * * * shall include, in addition to * * * the lot being built upon, that land lying oceanward [*i. e.* the beach] * * * to the high water mark" for the full width of the lot.

The present proceeding was brought to challenge the validity of the 1971 amending ordinance, and joined as defendants the corporate defendant (the owner of land in the E zone adjoining the beach front) and the city. After hearing, the Law Division upheld the ordinance as a proper and lawful exercise by the municipality of its zoning authority. The present appeal followed.

 Zoning regulations limiting or restricting the number of dwelling units in high-rise apartments on the basis of the land area of the premises on which the apartment is erected, manifestly are designed for the purpose of avoiding the overcrowding of land or buildings and assuring against undue concentration of population — an eminently proper concern of zoning. *N. J. S. A.* 40:55–32; *San-Lan Builders, Inc. v. Baxendale,* 28 *N. J.* 148, 158 (1958); 1 *Anderson, American Law of Zoning* (1968), § 7.06. Such regulations, however, must be so shaped that "all property in like circumstances be treated alike. * * * Undue discrimination in treatment and classification vitiates the regulation." *Katobimar Realty Co. v. Webster,* 20 *N. J.* 114, 123 (1955).

■ We can perceive here no rational distinctions, factual or legal, which singly or in sum reasonably justify the difference in treatment granted by the ordinance amendment to properties which immediately abut upon the beach and to those which do not. All of the various considerations advanced in justification for the more liberal treatment which the amendment accords to properties abutting the beach, are equally applicable to the non-beach front properties in the zone. The beach is equally accessible to all persons residing in the zone and, to the extent that the regulation here in question serves legitimate zoning concerns, the beach advantages similarly all properties situated within the zone, both beach front and non-beach front.

The single fact that residents occupying high-rise apartments constructed on non-beach front properties might be required to walk a few more steps to avail themselves of the beach facilities, does not constitute a sufficient basis upon whch to sustain the difference in treatment under this ordinance. *Cross v. Planning Board of Chelmsford,* 345 *Mass.* 618, 189 *N. E.* 2d 189 (Sup. Jud. Ct. 1963). In short, the classification as between the properties immediately adjacent to the beach front and those which are not, bears no reasonable relation to the purposes legitimately to be served by zoning. *Roselle v. Wright,* 21 *N. J.* 400 (1956).[1]

The ordinance amendment is invalid as offending the equal protection requirements of both the Federal and New Jersey Constitutions, as well as the proscription of uniformity contained in *N. J. S. A.* 40:55–31.

Reversed.

HANDLER, J. A. D. (dissenting): I would affirm substantially for the reasons set forth in the opinion below of Judge Francis.

---

[1] Indeed, there is serious question as to the validity of the amendment, even were it to be effective as to all properties within the zone, without regard to whether they do or do not adjoin the beach. See, *Loveladies Property, etc. v. Barnegat City, etc., Co.,* 60 *N. J. Super.* 491, 499 (App. Div. 1960), certif. den. 33 *N. J.* 118 (1960).

It is noted further that land which is contiguous to a beach or waterfront may be regarded as unique and therefore subject to special regulations, not otherwise appropriate for other property. Such controls may be exercised through zoning regulations and be more restrictive than those applicable to other land. *McCarthy v. Manhattan Beach,* 41 *Cal.* 2d 879, 264 *P.* 2d 932 (Sup. Ct. 1953), *cert.* den. 348 *U. S.* 817, 75 S. Ct. 29, 99 *L. Ed.* 644 (1954) ; *Watson v. Mayflower Property, Inc.,* 223 *So.* 2d 368 (Fla. D. Ct. App. 1969) ; *City of Miami Beach v. Lachman,* 71 *So.* 2d 148 (Fla. Sup. Ct. 1953), *cert.* den. 348 *U. S.* 906, 75 S. Ct. 292, 99 *L. Ed.* 711 (1955). Frequently, in this context, the public interest has been equated wth a curtailment of the use of naturally endowed property to the end that it may be preserved and enhanced for the benefit of the community at large. *Cf. Palisades Properties, Inc v. Brunetti,* 44 *N. J.* 117 (1965) ; *vide, Crawford v. McLaughlin,* 172 Colo. 366, 473 *P.* 2d 725 (Colo. Sup. Ct. 1970).

It does not follow from such considerations that property possessed of singular characteristics may not reasonably be employed to foster economic growth or serve utilitarian ends provided this be consistent with the overall objectives of zoning. *Ward v. Montgomery Tp.,* 28 *N. J.* 529 (1959) ; *Kozesnik v. Montgomery Tp.,* 24 *N. J.* 154 (1957). It has been recognized that distinctions or classifications even within a single use district, which are predicated upon special suitability or characteristics, may be drawn provided they are reasonable. *Cf. Quinton v. Edison Park Development Corp.,* 59 *N. J.* 571 (1971) ; *United Advertising Corp. v. Metuchen,* 42 *N. J.* 1 (1964) ; *State v. Gallop Building,* 103 *N. J. Super.* 367 (App. Div. 1968).

Here the municipality by its amended ordinance has endeavored to stem the loss of population, to increase its revenues and to stimulate and revivify the development of its ocean front, concededly a unique resource. It has done so by liberalizing density requirements with respect to ocean front property within the "E" zone. It was not, in the

pursuit of these objectives, required to go beyond what was reasonably necessary in its judgment to accomplish its goal. The city, therefore, was entitled to differentiate between those properties withn the E zone directly proximate to the ocean and those which lie inland.