133 N.J. Super. 216 (1975)
336 A.2d 30
CAPPTURE REALTY CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF ELMWOOD PARK, PLANNING BOARD OF THE BOROUGH OF ELMWOOD PARK, BOROUGH OF ELMWOOD PARK, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY AND MICHAEL BUCK, BUILDING INSPECTOR OF THE BOROUGH OF ELMWOOD PARK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1975.
Decided March 18, 1975.
*219 Before Judges CARTON, CRANE and KOLE.
Mr. Lucien Baron argued the cause for appellant.
Mr. Stephen R. Spector argued the cause for respondents (Messrs. Ferrara, Glock and Spector, attorneys).
PER CURIAM.
The facts in this case are fully set forth in the opinion of the Law Division judge, 126 N.J. Super. 200.
By various amendments to the zoning ordinance of the borough, commencing October 1971 and extended for yearly periods thereafter until November 22, 1974, a moratorium was declared prohibiting construction on certain lands, including that of plaintiff, within what is referred to as a flood-prone or flood-plain area of Fleischer Brook. A property *220 owner may obtain relief from the prohibition against construction by applying to the board of adjustment for a special exception use permit under N.J.S.A. 40:55-39(b). That board is authorized to recommend to the governing body that the exception be granted, provided that the municipal planning board has issued an advisory report finding that the proposed construction will not generate or create any additional surface water runoff from the site and will not impair the general safety, health and welfare. Such special exception use, if recommended, is subject to all other requirements of the zoning and other applicable ordinances.
Plaintiff applied for such a permit but the board of adjustment denied the application. As part of its application plaintiff also sought a special use exception in the E Industrial zone under another provision of the zoning ordinance, § 88-17. This was also denied.
The trial judge found the moratorium declared by the ordinances to be a valid and reasonable exercise of the police and zoning power for the period provided therein, i.e., October 1971 to November 1974, and additionally for a period of two years from the date of its December 21, 1973 decision, provided (1) construction of the necessary flood control project in connection with the area was started in good faith within six months from the date of the decision, and (2) the moratorium, to be extended by ordinance, did not go beyond December 21, 1975. He indicated that failure to meet these limitations would result in the ordinance being found to be unreasonable as to plaintiff's property. The judge further held that the temporary moratorium did not deprive plaintiff of its property without compensation. The judge also upheld the denial of the application for the special use exceptions by the board of adjustment.
Plaintiff appeals from the resulting judgment against it.
At oral argument it was stated that the moratorium has now been extended by ordinance to July 31, 1975. There *221 was some dispute as to whether the necessary construction work had in fact commenced, but we do not believe that this factor is of major significance in determining the validity or reasonableness of the moratorium here involved.
We agree with the trial judge that under the special circumstances of this case a moratorium as to construction with respect to these flood-prone lands for the period indicated by the judge, that is, to December 21, 1975, constitutes an appropriate exercise of police and zoning power and does not involve a deprivation of property without just compensation. This conclusion is supported by the extensive planning, as well as the nature of the work, involved in this necessary contemplated regional flood control project, and the fact that both the county and the municipality, as well as other municipalities affected, are actively engaged therein. We affirm, essentially for the reasons set forth by the court below, the reasonableness of the moratorium period for these purposes, which have a substantial relationship to health, welfare and safety. See Meadowland Reg. etc. v. Hackensack, etc., 119 N.J. Super. 572 (App. Div. 1972), certif. den. 62 N.J. 72 (1972). Cf. E. Rutherford Indust. Park v. State, 119 N.J. Super. 352 (Law Div. 1972); Morris Cty. Land, etc. v. Parsippany-Troy Hills, 40 N.J. 539, 556, n. 3 (1963).
We express no views as to that portion of the judge's opinion which implies that failure to terminate a moratorium by December 21, 1975, or to start the work within six months after December 21, 1973, would convert this municipal action into a taking requiring just compensation, or that an extension beyond that time necessarily would be unreasonable. That issue is left to another day when and if the circumstances warrant consideration thereof.
The municipality, however, obviously must consider the real possibility that the line between the exercise of the police and zoning powers on the one hand, and a taking on the other, although not precise, may be found in the not too *222 distant future to have been transgressed as to plaintiff's property unless it acts with some degree of expedition to complete the proposed project or to terminate the moratorium. See E. Rutherford Indust. Park v. State, supra; Spiegle v. Beach Haven, 46 N.J. 479, 491-492 (1966), cert. den. 385 U.S. 831, 87 S.Ct. 63, 17 L.Ed.2d 64 (1966), and 116 N.J. Super. 148, 163-168 (App. Div. 1971).
We also affirm the trial judge with respect to the validity of the board of adjustment's denial of the application for a special use exception from the moratorium. There is adequate credible evidence in the record to sustain his conclusion that plaintiff failed to adduce the required competent proofs to set aside the decision of the board in this respect. In view of the reasonableness of the period of the moratorium ordinance, the fact that it may be difficult for plaintiff to satisfy the standards it imposes for relief therefrom is insufficient reason for invalidating the standards.
Plaintiff questions the legality of permitting the board of adjustment to serve as the agency under the moratorium ordinance for special use exception recommendations to the governing body. The contention, which conceives of the board of adjustment in this respect as a body to hear police power rather than zoning matters, is without merit. Apart from being an amendment to the zoning ordinance, the moratorium provisions are so inextricably involved with zoning and permits for construction that the use of that board for this purpose is plainly authorized by N.J.S.A. 40:55-39(b). See and compare Morris County Land, etc. v. Parsippany-Troy Hills Tp., supra, 40 N.J. at 546.
Plaintiff challenges the trial judge's affirmance of the decision of the board of adjustment to the extent that it denied the special use exception in the E Industrial zone under the provisions of § 88-17 of the zoning ordinance. It appears that although plaintiff's land is situated in the E Industrial zone, the uses it desires to make of the property are all permitted in other districts, including the D Commercial zone. At oral argument this was conceded by the borough. Under *223 paragraph C of § 88-17, no "use permitted by this section [involving the E Industrial zone] * * * and not permitted in any other zone, shall be a matter of right * * * but shall be created only on application to the board of Adjustment, and by the general approval of the said Board for the granting of any necessary building permit or [certificate] * * * of occupancy before issuance by the Building Inspector * * *." [Emphasis supplied].
Although the provisions relating to the E Industrial zone are not a model of clarity, since at one point they appear to preclude anything but an "industrial" use, we assume, in light of the proceedings below, that plaintiff's proposed use is permitted in that zone. It seeks to erect a building containing a storage warehouse, a tractor-trailer maintenance shop for its own trucks, and a cardboard box manufacturing facility, with related office use and parking. These seem to be uses permitted in the D Commercial zone and the D-1 Light Manufacturing zone. Thus, paragraph C is inapplicable to the uses planned by plaintiff, and board of adjustment approval is not required in order for it to obtain a building permit under § 88-17. Under the circumstances we need not decide the validity of authorizing that board to determine whether the standards of § 88-17 have been complied with or whether plaintiff has sustained its burden of proving such compliance before the board. The conclusions of the trial judge that the board of adjustment's findings relating to § 88-17 were not arbitrary and that the findings were sufficient, although not erroneous, were not required in order to determine the matters properly before him.
The trial judge directed the planning board to review plaintiff's plot and site plans to determine whether they complied with the provisions of paragraph B of § 88-17 of the ordinance relating to the E Industrial zone. That provides that no "building shall be constructed in a Light Manufacturing Zone D-1 and Industrial Zone E, without first having obtained the written approval of the Planning Board to a plot plan, site plan, building plan and specifications and use *224 of said building." Since plaintiff's land is in the E. Industrial zone, planning board approval under the ordinance was required.
We were advised at argument that the planning board had not approved the plans submitted because of plaintiff's failure to comply with the moratorium ordinance requirements for a special use exception therefrom. This determination was plainly erroneous and contrary to the appropriate directions of the trial judge. Plaintiff is entitled to a decision now by the planning board under this provision of the ordinance as to site and plot plan approval on the assumption either that it will be able to satisfy the special use exception standards of the moratorium ordinance or that the moratorium is no longer in effect. The planning board is directed to hold a hearing and make a determination relating to this matter within 60 days from the date of this opinion. See Newark Milk & Cream Co. v. Parsippany-Troy Hills Tp., 47 N.J. Super. 306, 332 (Law Div. 1957).
Plaintiff further appears to contend that the requirement of planning board approval of site and plot plans in the E Industrial zone under § 88-17 is invalid for lack of appropriate standards and for want of statutory authority.
We have not been presented with standards for such review by that board other than the provision in paragraph A of that section that any use "noxious by reason of the emission of odor, dust, noise, smoke or gas, and dangerous to the health or safety of the residents of the community shall not be permitted." Paragraph B authorizes the planning board to approve "a plot plan, site plan, building plan and specifications and use of said building." The provisions of paragraph A suffice with respect to standards as to use of the proposed building.
We are in no position, because of lack of a record as to other pertinent ordinance provisions, to determine the adequacy of the standards for approval of plot, site and building plans or specifications. Nor do we know whether the borough ordinance places final authority in the planning *225 board as to these matters, or only authority to make recommendations to the governing body or other agency. See N.J.S.A. 40:55-1.13; Newark Milk & Cream Co. v. Parsippany-Troy Hills, supra at 313, 332-333; Kozesnik v. Montgomery Tp., 24 N.J. 154, 178, 186 (1957); Saddle River Day School v. Saddle River, 51 N.J. Super. 589 (App. Div. 1958), aff'd o.b. 29 N.J. 468 (1959); Brundage v. Randolph Tp., 54 N.J. Super. 384 (App. Div. 1959), aff'd o.b. 30 N.J. 355 (1959); Guaclides v. Englewood Cliffs Mayor & Counc., 119 N.J. Super. 403 (Law Div. 1972).
However, since plaintiff has made no affirmative showing of lack of standards with regard to planning board review of site, plot and building plans and specifications, on the present record we hold that it has not demonstrated the absence of adequate criteria in these respects.
Similarly, for lack of a record we need not determine whether the planning board has final, rather than merely recommendatory, review authority as to all matters under paragraph B.
Plaintiff urges the invalidity of planning board review under paragraph B of § 88-17 because no similar requirement exists as to uses permitted in districts other than the Light Manufacturing zone D-1 and E Industrial zone. The claim is without merit.
Zoning ordinances may embody reasonably different methods of municipal control of this kind with respect to uses in separate districts. See Newark Milk & Cream Co. v. Parsippany-Troy Hills, supra; Frankel v. Atlantic City, 63 N.J. 333 (1973), reversing on dissenting opinion in 124 N.J. Super. 420 (App. Div. 1973). The borough here has drawn the line for planning board review of site plans and related matters at uses in industrial and light manufacturing districts, as opposed to all other districts. There is no showing that such action is unreasonable or that the industrial and manufacturing zones do not require such special treatment. See and compare Bow & Arrow Manor v West Orange, 63 N.J. 335 (1973).
*226 For the reasons expressed, the judgment below is affirmed. The planning board is directed to hold a hearing and make a determination based thereon consistent with this opinion.
No costs.