136 N.J. Super. 436 (1975)
346 A.2d 612
SANDS POINT HARBOR, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RICHARD J. SULLIVAN, COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1975.
Decided October 10, 1975.
*438 Before Judges HALPERN, CRANE and MICHELS.
Mr. Steven P. Russo argued the cause on behalf of appellant.
Mr. Michael J. Gross, Deputy Attorney General, argued the cause on behalf of respondents (Mr. William F. Hyland, Attorney General, attorney; Mr. Richard M. Conley, Deputy Attorney General, of counsel).
The opinion of the court was delivered by CRANE, J.A.D.
This litigation was commenced in the Law Division of the Superior Court. The complaint alleges that an order of the Department of Environmental Protection of the State of New Jersey, N.J.A.C. 7:7A-11 et seq., adopted pursuant to the Wetlands Act of 1970, N.J.S.A. 13:9A-1 et seq., and the Wetlands Act itself, violate the Constitutions of the State of New Jersey and of the United States. The trial judge transferred the first four counts of the complaint which attacked the administrative order to the Appellate Division pursuant to R. 1:13-4. The remainder of the counts of plaintiff's complaint were disposed of by the entry of summary judgment in favor of defendants.
The order of which plaintiff complains designated approximately 140 acres of plaintiff's property as coastal wetlands pursuant to the authority granted by N.J.S.A. 13:9A-2 and 3. The consequence of the entry of such an order is to prohibit any "regulated activity" such as draining, dredging, excavating or the erection of structures without a permit. N.J.S.A. 13:9A-4.
Plaintiff, a developer of residential real property, contends that the Wetlands Act and the the administrative order deprive it of the equal protection of the laws, in violation of the Fourteenth Amendment of the United States *439 Constitution and the New Jersey Constitution of 1947, Art. I, par. 1. Plaintiff also contends that the act, in its application to plaintiff's lands, constitutes a taking without just compensation in violation of Art. I, par. 20 of the New Jersey Constitution of 1947. Plaintiff urges that the matter is presently ripe for determination without the necessity of any administrative proceeding.
We have carefully considered each of the arguments advanced by plaintiff and find them to be without merit.
Regulation of the use of marshes and wetlands having environmental and ecological importance to the continued existence of species of wildlife and to mankind is a valid exercise of governmental power. Just v. Marinette Cty., 56 Wis.2d 7, 201 N.W.2d 761 (Sup. Ct. 1972); Commissioner of Natural Resources v. S. Volpe & Co., 349 Mass. 104, 206 N.E. 2d 666 (Sup. Jud. Ct. 1965); Potomac Sand & Gravel Co. v. Governor of Maryland, 266 Md. 358, 293 A.2d 241 (Ct. App. 1972), cert. den. 409 U.S. 1040, 93 S.Ct. 525, 34 L.Ed.2d 490 (1972); Sibson v. State, 336 A.2d 239 (N.H. Sup. Ct. 1975). See also opinion of Hall, J., concurring in part and dissenting in part, N.J. Sports & Exposition Auth. v. McCrane, 61 N.J. 1, 62 (1972).
The equal protection argument is addressed to the geographical scope of the coastal wetlands defined in N.J.S.A. 13:9A-2:
* * * For the purposes of this act the term `coastal wetlands' shall mean any bank, marsh, swamp, meadow, flat or other low land subject to tidal action in the State of New Jersey along the Delaware bay and Delaware river, Raritan bay, Barnegat bay, Sandy Hook bay, Shrewsbury river including Navesink river, Shark river, and the coastal inland waterways extending southerly from Manasquan Inlet to Cape May Harbor, or at any inlet, estuary or tributary waterway or any thereof, including those areas now or formerly connected to tidal waters whose surface is at or below an elevation of 1 foot above local extreme high water, * * *.
There is specifically excluded therefrom "any land or real property subject to the jurisdiction of the Hackensack Meadowlands Development Commission pursuant to the provisions *440 of P.L. 1968, chapter 404, sections 1 through 84. (C. 13:17-1 through C. 13:17-86)." Id.
Classification in legislation is not constitutionally prohibited. The Legislature is granted a wide range of discretion to treat the subject matter of legislation differently so long as the classification is reasonable and is related to the basic object of the legislation. Wilson v. Long Branch, 27 N.J. 360, 377 (1958), cert. den. 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958). Testimony before the trial court indicated that the coastal wetlands north of Raritan Bay are characterized by heavy industrial, commercial and residential development. Very sparse wetland areas remain because of intense development. The only large contiguous area of tidal wetlands north of Raritan Bay is in the area under the jurisdiction of the Hackensack Meadowlands Development Commission, which is given power to regulate activities in that area under the provisions of N.J.S.A. 13:17-5 et seq. The coastal areas south of Raritan Bay are characterized by residential, recreational and light industrial development, with large contiguous areas of undeveloped wetlands remaining. These conditions afford reasonable grounds for the disparate treatment of lands in different areas of the State. See Robson v. Rodriquez, 26 N.J. 517, 524 (1958).
In its argument that the Wetlands Act constitutes a taking without just compensation, in violation of the New Jersey Constitution of 1947, Art. I, par. 20, plaintiff relies principally on Morris County Land, etc. v. Parsippany-Troy Hills Tp., 40 N.J. 539 (1963). There the court struck down a municipal zoning ordinance which greatly restricted the use of swampland and had as its prime object the retention of land substantially in its natural state for public purposes. The restrictions were of such a nature that the only practical use which could be made of the property in the zone was as a hunting or fishing preserve or a wildlife sanctuary.
*441 In the instant case neither the statute nor the order under attack impose such all-encompassing restrictions. The only activities which are absolutely prohibited are the dumping of solid wastes, the discharging of sewage and the storage or application of pesticides. N.J.A.C. 7:7A-5.1 and 5.2. None of these are activities which plaintiff seeks to conduct. The statute clearly delegates authority to the commissioner to grant permission for the conduct of regulated activities in areas which have been designated as coastal wetlands. In exercising his discretion the commissioner must consider the effect of the proposed activity upon the "public health and welfare, marine fisheries, shell fisheries, wildlife, the protection of life and property from flood, hurricane and other natural disasters, and the public policy set forth in section 1a of this act." N.J.S.A. 13:9A-4(d). The testimony before the trial court indicates that permission has thus far been granted for the construction of marina facilities, a meteorological tower for Rutgers University and the laying of a water main. The statute itself excepts the continued production of argicultural crops from the definition of regulated activity. N.J.S.A. 13:9A-4 (a). We note also that the statute provides a means of challenging the propriety of an order of the commissioner relating to an application for a permit by the commencement of an action in the Superior Court. N.J.S.A. 13:9A-6.
Plaintiff has not availed itself of the procedures set forth in the statute to determine the extent to which and the purposes for which its lands may be used. Under the circumstances we have no hesitancy in concluding that no taking has occurred. Brecciaroli v. Connecticut Comm'r of Environmental Protection, Conn., ___ A.2d ___ (Sup. Ct. 1975). It has not been demonstrated, as was done in the Morris County Land case that no practical use can be made of plaintiff's property.
Affirmed.