196 N.J. Super. 547 (1984)
483 A.2d 818
GRAND LAND COMPANY, A PARTNERSHIP, PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
TOWNSHIP OF BETHLEHEM, IN THE COUNTY OF HUNTERDON, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT, AND ENVIRONMENTAL DEFENSE FUND, INC., DEFENDANT-INTERVENOR-APPELLANT-CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1984.
Decided October 22, 1984.
*549 Before Judges MATTHEWS, FURMAN and COHEN.
Paul R. Murphy and James T.B. Tripp, of the New York bar, admitted pro hac vice, argued the cause for appellant-cross-respondent (Manger, Kalison, Murphy & McBride, attorneys).
Douglas S. Brierley argued the cause for respondent-cross-appellant (Schenck, Price, Smith & King, attorneys; Clifford W. Starrett, of counsel; Mr. Brierley and Stuart R. Deans, on the brief).
Bernstein, Hoffman & Clark, attorneys for Amicus Curiae New Jersey Farm Bureau (Daniel S. Bernstein, on the brief).
No brief was filed on behalf of the appellant Township of Bethlehem.
The opinion of the court was delivered by FURMAN, J.A.D.
Environmental Defense Fund, intervenor below, appeals from a judgment striking down a Bethlehem Township zoning ordinance amendment as invalid zoning. The township's appeal was dismissed for failure to file a brief. We granted leave to New Jersey Farm Bureau to file a brief as amicus curiae but denied leave to participate in oral argument. Plaintiff Grand Land Company (Grand Land) cross-appeals from the dismissal of its claim for damages for an unlawful taking of its property.
Grand Land is the owner of approximately 155 acres in the Musconetcong River valley within the township, which it acquired in 1972 when zoned for exclusive industrial use. Unsuccessful *550 in marketing the property for industrial use, Grand Land has leased it for agricultural use. About 100 of the 155 acres are actively farmed. By zoning ordinance amendment in 1979, the property was part of approximately 1250 acres within the industrial zone which was rezoned A-25 for agricultural use. Other permitted uses within the A-25 zone are one-family dwellings "as part of a farming operation," churches, municipal structures, private or public schools, public parks, public or private golf courses, "essential services" and single-family dwellings on one and a half acres minimum size lots, not more than one lot to be subdivided in any given year, and subject to the following requirements:
For each one, 1 1/2 acre building lot at least 25 or more acres of land devoted to farming or agricultural use shall remain. For each 26.5 acres, only one (1) building lot shall be permitted.
Bethlehem Township is designated on the State Development Guide Plan partly as a limited growth area and partly as an agricultural area. The Musconetcong River valley within the township is prime agricultural soil, about 85% actively farmed and designated on the State plan as an agricultural area. Approximately 800 acres of the valley within the township remain zoned for exclusive industrial use but are predominantly in pre-existing, non-conforming agricultural use. A relatively small wedge-shaped area of approximately 300 acres is zoned for single family residential use on five acre minimum lots. Most of the balance of the township's 27.37 square miles is wooded and mountainous on the steeply sloped Musconetcong Mountain, sparsely developed and with limited public highway access. The mountain area is zoned for residential use on one and a half acre, three acre and five acre minimum size lots.
In a careful opinion below Judge D'Annunzio reviewed the sharp decline in acreage in agricultural use in recent years and the legislative response with its aim to preserve farmland and *551 to encourage agricultural, horticultural and related uses.[1] He recognized that zoning for exclusive agricultural use may be valid under the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., and that Bethlehem Township is not a growth area with low and moderate income housing obligations under So. Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp., (Mount Laurel II), 92 N.J. 158, 215 (1983). He rejected Grand Land's cause of action for damages for an unlawful taking because its property was not zoned into inutility but, rather, was zoned for a "reasonable use." Focusing upon the permissible uses and restrictions in the A-25 zone, he held them to be invalid as "a weak attempt to preserve agriculture" and an unreasonable exclusion of residential housing opportunity. He ordered that single family dwellings on one and a half acre lots "are permitted uses" in the A-25 zone, without the condition that 25 acres be set aside for agricultural use.
On appeal we need not and do not decide whether an exclusive agricultural zone may be valid under the Municipal Land Use Law, specifically N.J.S.A. 40:55D-2. Such a zoning enactment is not challenged in this litigation; the A-25 zone permits residential, as well as agricultural, use. Like Judge D'Annunzio, we view as decisive whether residential use in the A-25 zone was unreasonably restricted, without justification under applicable statutory and decisional zoning law and without reasonable relation to any valid zoning objective.
Before dealing with that decisive issue, we express agreement with a preliminary ruling below. Under Mount Laurel II Bethlehem Township was not obligated to provide a realistic opportunity for a fair share of its region's low and moderate income housing needs; nor is there any evidence in the record of housing needs of indigenous poor on whose behalf the *552 township would have the obligation to provide a realistic opportunity for "decent housing."
In the A-25 zone, residential use on one and a half acre lots is permissible by subdivision of both a building lot and a 25 acre lot which must remain in agricultural use; or, alternatively, by subdivision of a single one and a half acre lot conditional upon reservation of 25 acres of the property prior to subdivision, not necessarily adjoining, in continuing agricultural use.
That zoning restriction is palpably indefensible and without authority in the Municipal Land Use Law or decisional law. In this state a municipality is barred from conditioning subdivision approval upon an involuntary reservation of land within a subdivision for a public purpose, such as a school or park, Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197, 210 (Law Div. 1961), aff'd o.b. 78 N.J. Super. 471 (App.Div. 1963). A fortiori, in our view, subdivision approval for a residential building lot may not be conditioned upon reservation of adjoining or nearby land for a private use, as in the A-25 zone under challenge before us, precluding any other use permitted by ordinance or, it appears, by variance, N.J.S.A. 40:55D-70. We conclude that the restriction on residential use in the A-25 zone is invalid zoning beyond the powers delegated to municipalities under the Municipal Land Use Law.
We also affirm Judge D'Annunzio's conclusion that Grand Land is not entitled to damages for an unlawful taking of its property. At the most that claim would be limited to interim damages between the adoption of the zoning ordinance amendment and its invalidation. During that period the property continued in agricultural use, clearly a reasonable use to which it was adapted and which was not economically infeasible. Cf. Morris County Land Improvement Co. v. Parsippany-Troy Hills Tp., 40 N.J. 539 (1963); see also Orleans Builders & Developers v. Byrne, 186 N.J. Super. 432, 446 (App.Div. 1982), certif. den. 91 N.J. 528 (1982); Usdin v. Environmental *553 Protection Dept't, 173 N.J. Super. 311 (Law Div. 1980), aff'd 179 N.J. Super. 113 (App.Div. 1981).
Finally, we are constrained to reverse the zoning revision imposed by the judgment below that single family dwellings on one and a half acre minimum size lots are permitted uses without condition in the A-25 zone. The revision so ordered would drastically alter Bethlehem Township's zoning plan. The township should have the opportunity to adopt a comprehensive revised zoning ordinance upon a review of current housing and other needs, in furtherance of relevant zoning objectives, N.J.S.A. 40:55D-2. Meanwhile, the zoning ordinance amendment establishing the A-25 zone is null and void; the zoning ordinance in effect prior to that amendment is to govern the designated A-25 areas pending adoption of any zoning revision.
We affirm in part and reverse in part in accordance herewith.
NOTES
[1] Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq.; Agricultural Preserve Demonstration Program Act, N.J.S.A. 4:1B-1 et seq.; Pinelands Protection Act, N.J.S.A. 13:18A-1 et seq.