[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The minor plaintiff, Albert L. Nowinski, III, and his father, Albert L. Nowinski, Jr., have sued the town of Greenwich, the Greenwich Board of Education, the principal of one of the local elementary schools, and two teachers at the school for personal injuries allegedly sustained by the minor plaintiff when he fell on a glass bottle on the school playground. The complaint is in eighteen counts and alleges that the minor plaintiff was a student at the North Mianus elementary school at the time of the accident and was injured on school grounds and during school hours.
In the 1st, 6th, 8th, 10th, 15th and 17th counts, the plaintiffs allege that the town of Greenwich is liable to the minor plaintiff for negligence in maintaining the school grounds, that a nuisance existed, and that the Town is liable trader General Statutes 7-465
and 7-101a.[1] Plaintiffs also allege that the Town is liable to the minor plaintiffs father under the same theories for medical expenses for his son. The Board of Education is named in the 2d 7 th, 9th, 11th, 16th and 18th counts under the same theories, except that General Statutes 10-220 and 10-235[2] are cited as statutory authority. The 3rd and 12th counts are directed to Susanne Holloman, the principal of the North Mianus school. The 4th, 5th, 13th and 14th counts are directed to Kerry Stratton and Francis Arnone, the two teachers.
The defendants move (#106) to strike all the counts of the complaint. The Town and the Board of Education claim they are not liable to the plaintiffs under the doctrine of governmental immunity, and the Board also claims sovereign immunity on the theory that it is an agent of the state. The motion to strike on behalf of the principal and teachers is based on "official immunity," and the Town contends that it is not liable to indemnify its employees because they are not responsible for the injuries alleged. The defendants seek to strike the counts regarding nuisance on the grounds that the plaintiffs have failed to properly allege affirmative acts creating the alleged nuisance. The Board also CT Page 2848 asserts that the plaintiffs are not authorized to use General Statutes10-235 to assert a cause of action against it.
With respect to the claim of sovereign immunity for the Board of Education, defendants cite Heigl v. Board of Education, 218 Conn. 1,4, 587 A.2d 423 (1991), and Gordon v. Bridgeport Housing Authority,208 Conn. 161, 165, 544 A.2d 1185 (1988), is the basis for the claim of governmental immunity for the municipality. The named individuals are immune from liability, according to the defendants, because they are engaged in a public duty; Couture v. Board of Education, 6 Conn. App. 309,312, 505 A.2d 432 (1986); and performing discretionary, as contrasted with ministerial tasks; Evon v. Andrew, 211 Conn. 501, 505,559 A.2d 1131 (1989). The defendants claim that the counts alleging nuisance are subject to the motion to strike based on Lukas v. New Haven, 184 Conn. 205, 209, 430 A.2d 949 (1981), and cite several Superior Court cases for the proposition that a third party cannot sue a board of education under General Statutes 10-235.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, supra, 170; Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail. (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
Individual liability of employees of a board of education for negligence with respect to a student on school grounds during school hours was the subject of an important case decided just last week by the Supreme Court in Burns v. Board of Education, 228 Conn. 640, ___ A.2d ___ (1994). The court distinguished Heigl, supra, and held that such a student was an identifiable and foreseeable victim that represented an exception to the doctrine of governmental immunity. The court construes this case to mean that the principal and two teachers can be liable to the plaintiffs for negligence, and therefore the 3rd, 4th, 5th, 12th, 13th and 14th counts are not subject to the motion to strike. CT Page 2849
The Town can be held liable for indemnification of the individual employees under General Statutes 7-145, which includes school board employees. Kaye v. Town of Manchester, 20 Conn. App. 439, 443-44,568 A.2d 459 (1990). General Statutes 52-557(a)(1)(A) permits a direct action against a town for the negligence of its employees, except when the employees are exercising judgment or discretion. General Statutes52-557n(a)(2)(B). It seems clear that the employees in this case who were charged with providing reasonably safe conditions for students on school property were engaged in discretionary duties. Therefore, counts 8 and 17 state a cause of action for indemnity and counts 1 and 10 are stricken. The Board of Education is similarly liable for indemnification under General Statutes 10-235, so counts 9 and 18 are proper.[3]
Counts 2 and 11 are stricken as the plaintiffs have no direct cause of action against the Board for violation of discretionary duties. Heigl v. Board, supra, 3.
The court agrees with the defendants that the counts regarding nuisance should be stricken because the plaintiffs have not alleged that the defendant town or board of education created the nuisance alleged in the complaint. According to Lukas v. New Haven, supra, 209, this is a prerequisite for municipal liability for nuisances. "[T]he failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act." Brown v. Branford, 12 Conn. App. 106, 112, 529 A.2d 743 (1987). Improper maintenance based on failing to pick up the glass bottle from the playground is different from a positive act. The town did not create the presence of the bottle, and therefore counts 6, 7, 15 and 16 alleging nuisance are stricken. See Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 440 A.2d 889 (1978), which lists the elements of a nuisance claim.
To summarize, the motion to strike the counts directed against the individual employees and the counts claiming liability of the Town and the Board of Education for indemnity are denied, but the motion is granted as to the counts directly against the Town and the Board as such, and is granted as to the counts alleging nuisance.
So Ordered.
Dated at Stamford, Connecticut, this 16th day of March, 1994.
William B. Lewis, Judge